**Original filed 3/23/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO K. BENNETT, | ) | No. C 06-4399 JF (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL; DENYING MOTIONS FOR SUMMONS; DENYING MOTIONS TO ATTACH EVIDENCE WITHOUT PREJUDICE; ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) ) ) ) ) ) ) ) | |
| JEANNE WOODFORD, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 2, 3, 10, 11, 12, 13, 14, 19, 25, 27, 32) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") officials and the Director of the California Department of Corrections and Rehabilitation. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. Plaintiff has filed a motion for extension of time to file his in forma pauperis application, five motions for appointment of counsel, three motions to issue summons, and two motions to attach evidence and exhibits. The Court concludes that Plaintiff has shown good cause for an

extension and will GRANT Plaintiff's motion for extension of time to file his in forma pauperis application (docket no. 3).  The Court will DENY Plaintiff's motions for appointment of counsel (docket nos. 2, 12, 14, 19, 32) without prejudice.  The Court will DENY Plaintiff's motions to issue summons (docket nos. 10, 11, 13) and motions to attach evidence and exhibits (docket nos. 25, 27) without prejudice.  The Court will DISMISS the complaint with leave to amend.  Plaintiff may include supporting documentation of any exhibits with his amended complaint.

## BACKGROUND

Plaintiff alleges that he received a letter from his attorney on January 7, 2005 which was opened outside of his presence.  Plaintiff claims that he received confidential letters from the State Bar of California on June 26th and June 28th, 2006 which were opened outside of his presence.  Plaintiff maintains that each Defendant is involved with his legal mail being opened in the mail room and that the remaining Defendants are a supervisor and the head of the prisons.  Plaintiff names the following Defendants: Director of the Department of Corrections and Rehabilitation Jeanne Woodford, PBSP Warden Kirkland, PBSP Captain Patten, and PBSP mail room staff.

## DISCUSSION

**A.    The Merits**

1.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person

1    acting under the color of state law committed a violation of a right secured by the

2    Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

3         Liability may be imposed on an individual defendant under section 1983 if the

4    plaintiff can show that the defendant proximately caused the deprivation of a federally

5    protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of

6    Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a

7    constitutional right within the meaning of section 1983 if he does an affirmative act,

8    participates in another's affirmative act or omits to perform an act which he is legally

9    required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844

10   F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

11        2.    Plaintiff's Claims

12        Plaintiff alleges that Defendants opened his legal mail outside of his presence.

13   Prisoners enjoy a First Amendment right to send and receive mail.  See Witherow v. Paff,

14   52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407

15   (1989)).  A prison, however, may adopt regulations or practices which impinge on a

16   prisoner's First Amendment rights as long as the regulations are "reasonably related to

17   legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89 (1987). Prison

18   officials may institute procedures for inspecting "legal mail," e.g., mail sent between

19   attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (incoming

20   mail from attorneys), and mail sent from prisoners to the courts, see Royse v. Superior

21   Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).[1]  But the opening

22   and inspecting of "legal mail" outside the presence of the prisoner may have an

23   impermissible "chilling" effect on the constitutional right to petition the government.  See

24   O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408

25   _____

26        [1]Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail."  See
     Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998).
27   With minute exceptions correspondence from a court to a litigant is a public document.  See
     Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987).
28

Order Granting Motion for Extension of Time; Denying Motions for Appointment of Counsel; Denying Motions for Summons;
Denying Motions to Attach Evidence Without Prejudice; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett399dwltamisc                    3

1   U.S. 1, 11 (1972)); but cf. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended,

2   135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner

3   from courts outside prisoner's presence because mail from courts, as opposed to mail

4   from a prisoner's lawyer, is not "legal mail").[2]  If so, prison officials must establish that

5   legitimate penological interests justify the policy or practice.  See O'Keefe, 82 F.3d at

6   327 (mail policy that allows prison mailroom employees to open and read grievances sent

7   by prisoners to state agencies outside prisoners' presence reasonable means to further

8   legitimate penological interests).

9         "Legal mail" may not be read or copied without the prisoner's permission.  See

10   Casey v. Lewis, 43 F.3d 1261, 1269 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 343

11   (1996).  But again, prison officials may establish that legitimate penological interests

12   justify the policy or practice.  See O'Keefe, 82 F.3d at 327.

13         Plaintiff's claim fails at the outset because he fails to set forth specific facts

14   showing how each Defendant proximately caused a constitutional deprivation.  For a

15   claim to be cognizable, a Plaintiff must "set forth specific facts as to each individual

16   defendant's deprivation of protected rights." Leer, 844 F.2d at 634.  But here, Plaintiff

17   alleges facts without explaining the actions of each Defendant involved.  As such,

18   Plaintiff fails to link Defendants to his claim.  Accordingly, the complaint does not state a

19   cognizable claim against any of the named Defendants.

20         Plaintiff must allege facts supporting each claim against each individual Defendant

21   separately in his amended complaint showing his entitlement to relief from each

22   Defendant.  Plaintiff should list the constitutional right he has, describe what each

23   Defendant did or failed to do, and describe how each Defendant's acts or omissions

24

25

26   [2]The Wolff Court declined to decide the constitutional provision under which a prisoner's
right to legal correspondence free from government inspection may arise, see Wolff, 418 U.S. at

27   575-76, but recent Ninth Circuit opinions have focused on a prisoner's First Amendment right to
petition the government for redress of grievances, which includes a reasonable right of access to

28   the courts, see O'Keefe v. Van Boening, 82 F.3d 322, 324-326 (9th Cir. 1996).

Order Granting Motion for Extension of Time; Denying Motions for Appointment of Counsel; Denying Motions for Summons;
Denying Motions to Attach Evidence Without Prejudice; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett399dwltamisc    4

1   caused him injury.  He should not refer to the defendants as a group, i.e., "the

2   defendants;" rather, he should identify each involved Defendant by name and link each of

3   them to a specific claim by explaining what each Defendant did or failed to do that caused

4   a violation of his constitutional rights.

5        As to Plaintiff's claim against the Director of the Department of Corrections and

6   Rehabilitation Jeanne Woodford and PBSP Warden Kirkland, Plaintiff is cautioned that

7   there is no respondeat superior liability under Section 1983, i.e. no liability under the

8   theory that one is responsible for the actions or omissions of an employee.  Liability

9   under Section 1983 arises only upon a showing of personal participation by the defendant.

10  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable under

11  section 1983 upon a showing of (1) personal involvement in the constitutional deprivation

12  or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

13  constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.

14  1991) (en banc) (citation omitted).

15       Plaintiff has named PBSP mail room staff as a Defendant without identifying any

16  names of the individuals in the mail room.  The use of "Doe" to identify a defendant is

17  not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.

18  1980).  Accordingly, the PBSP mail room staff is DISMISSED without prejudice.  Should

19  Plaintiff learn the identities through the use of discovery and be able to allege facts which

20  directly link them to his claims he may include each Defendants individual name in his

21  amended complaint and/or seek leave to amend his complaint to add them as named

22  Defendants.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

23       Plaintiff will be given leave to amend the complaint to cure these deficiencies.

24  Accordingly, the Court grants Plaintiff leave to file an amended complaint within **thirty**

25  **days** of the date this order is filed to include sufficient facts to support his claim against

26  each Defendant and the alleged constitutional violation he suffered.  Based upon the

27  Court's dismissal with leave to amend, Plaintiff's motions to issue summons on the

28

1   original complaint (docket nos. 10, 11, 13) are DENIED.

2   **B.     Motions for Appointment of Counsel**

3          Plaintiff has filed five motions for appointment of counsel.  However, there is no

4   constitutional right to counsel in a civil case.  Lassiter v. Dep't of Social Services, 452

5   U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to

6   "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C.

7   § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of

8   counsel."  Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

9          The court may ask counsel to represent an indigent litigant under § 1915 only in

10  "exceptional circumstances," the determination of which requires an evaluation of both

11  (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate

12  his claims pro se in light of the complexity of the legal issues involved.  See Rand v.

13  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017

14  (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of

15  these factors must be viewed together before reaching a decision on a request for counsel

16  under § 1915.  See id.   Neither the need for discovery, nor the fact that the pro se litigant

17  would be better served with the assistance of counsel, necessarily qualify the issues

18  involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery

19  was comprehensive and focused and his papers were generally articulate and organized,

20  district court did not abuse discretion in denying request for counsel).

21         The Court concludes that appointment of counsel is not necessary at this time.

22  The Court has dismissed Plaintiff's complaint with leave to amend and has yet to review

23  the merits of Plaintiff's claims in his amended complaint.  Accordingly, Plaintiff's

24  motions for appointment of counsel (docket nos. 2, 12, 14, 19, 32) are DENIED without

25  prejudice.

26  \\\

27  \\\

28

Order Granting Motion for Extension of Time; Denying Motions for Appointment of Counsel; Denying Motions for Summons;
Denying Motions to Attach Evidence Without Prejudice; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett399dwltamisc          6

1

**C.    Motions to Attach Exhibits and Legal Mail**

2          Plaintiff has filed two motions to attach evidence and exhibits and filed several

3   separate exhibits in this action.  The Court notes that Plaintiff must include all of his

4   exhibits and attachments with his amended complaint.  Plaintiff may not send in

5   attachments and documents separately to be included with his amended complaint.

6   Accordingly, Plaintiff's motions (docket nos. 25, 27)  are DENIED without prejudice.

7   Plaintiff may include his supporting documentation with his amended complaint as set

8   forth below.

9                                    **CONCLUSION**

10          1.      Plaintiff's motion for extension of time to file his in forma pauperis

11   application (docket no. 3) is GRANTED.

12          2.      Plaintiff's motions for appointment of counsel (docket nos. 2, 12, 14, 19,

13   32) are DENIED without prejudice.

14          3.      Plaintiff's motions to attach evidence (docket nos. 25, 27)  are DENIED

15   without prejudice.

16          4.      Plaintiff's motion to issue summons on the original complaint (docket nos.

17   10, 11, 13) are DENIED.

18          5.      Plaintiff's complaint is DISMISSED with leave to amend, as indicated

19   above, within **thirty days** from the date this order is filed.  The amended complaint must

20   include the caption and civil case number used in this order (06-4399 JF (PR)) and the

21   words AMENDED COMPLAINT on the first page.  Because an amended complaint

22   completely replaces the original complaint, Plaintiff must include in it all the claims he

23   wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied,

24   113 S. Ct. 321 (1992).  Plaintiff may not incorporate material from the original complaint,

25   such as supporting documentation of the prison appeal process, by reference.  Plaintiff

26   must include all of his claims and name all Defendants in the amended complaint.

27   \\\

28

Order Granting Motion for Extension of Time; Denying Motions for Appointment of Counsel; Denying Motions for Summons;
Denying Motions to Attach Evidence Without Prejudice; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett399dwltamisc                    7

**Failure to file an amended complaint within the designated time will result in the Court dismissing the complaint without prejudice for failure to state a cognizable claim under 42 U.S.C. § 1983.**

6.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: ___3/23/07_____

_____
JEREMY FOGEL
United States District Judge

Order Granting Motion for Extension of Time; Denying Motions for Appointment of Counsel; Denying Motions for Summons; Denying Motions to  Attach Evidence Without Prejudice; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett399dwltamisc

8

1    A copy of this ruling was mailed to the following:

2

3    Mario K. Bennett
     V-23447
     Pelican Bay State Prison
4    P.O. Box 7500
     Crescent City, CA  95531-7500
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion for Extension of Time; Denying Motions for Appointment of Counsel; Denying Motions for Summons;
Denying Motions to  Attach Evidence Without Prejudice; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett399dwltamisc                    9